

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| MARY L. GREEN,<br>　　　　Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br>　　　　Defendant. | §<br>§<br>§<br>§ CIVIL ACTION NO. 8:09-02313-HFF-BHH<br>§<br>§<br>§<br>§ |

## ORDER

This case was filed as a social security disability benefits action. Plaintiff is represented by counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the decision of Defendant be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 10, 2010, and Plaintiff filed her objections to the Report on September 14, 2010.

Plaintiff's first objection is that the ALJ applied an improper legal standard in assessing the subjective evidence of disabling pain. She asserts that "[a]fter finding that the threshold for objective evidence in this pain case had been met, the ALJ circled back to statements that the objective evidence was inadequate as a basis for disregarding [her] testimony." (Pl.'s Exceptions 1.) The Court finds this objection to be without merit.

As acknowledged by the Magistrate Judge, the United States Court of Appeals for the Fourth Circuit has recognized a two-step analysis for evaluating subjective complaints of pain. *Craig v. Chater*, 76 F.3d 585, 591-96 (4th Cir. 1996). The ALJ must first find "objective medical evidence establishing some condition that could reasonably be expected to produce the pain alleged." *Id.* at 592 (citing *Foster v. Heckler*, 780 F.2d 1125, 1129 (4th Cir. 1986)). The objective medical evidence must "show[] the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the claimant." *Id.* at 591. After finding such objective medical evidence, the ALJ must next evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work." *Id.* at 595. At this stage, objective evidence of the existence of pain is not required. *Id.* In fact, the ALJ may not reject a claim of disabling pain simply because objective evidence of the existence of pain or its severity is absent. *Id.*

Although the ALJ may not discount subjective complaints of disabling pain merely because objective evidence of the existence of pain is lacking, the ALJ may consider objective medical evidence as a factor when evaluating the intensity and persistence of the pain. *See id.* at 595 (noting

2

that objective medical evidence is to be considered when evaluating the intensity and persistence of pain but that claims of pain cannot be dismissed solely because objective evidence does not substantiate the claimant's statements); 20 C.F.R. § 416.929(c)(2) (noting that the ALJ will consider objective medical evidence in "making reasonable conclusions about the intensity and persistence of . . . symptoms and the effect those symptoms, such as pain, may have on [the claimant's] ability to work"). The Fourth Circuit has noted that "a claimant's allegations about her pain . . . need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers." *Craig*, 76 F.3d at 595.

In evaluating the intensity and persistence of the claimant's pain, the ALJ may also consider other evidence, including the claimant's daily activities. 20 C.F.R. § 416.929(c)(3). Moreover, to "determin[e] the extent to which . . . symptoms, such as pain, affect [the claimant's] capacity to perform basic work activities," the ALJ is to " consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [the claimant's] statements and the rest of the evidence." *Id.* § 416.929(c)(4). This involves the ALJ evaluating the claimant's statements of disabling pain "in relation to the objective medical evidence and other evidence." *Id.*

The ALJ explained the correct legal standard for evaluating subjective complaints of pain in great detail. He recognized the two-step process that required him first to "determine[] whether there is an underlying medically determinable physical or mental impairment(s) . . . that could reasonably be expected to produce the claimant's pain or other symptoms" and then to "evaluate the intensity, persistence, and limiting effects of the claimant's symptoms." (R. at 14.) He noted that he could "not require[] the presence of objective medical evidence in determining the intensity and

3

persistence of the pain and other symptoms alleged." (R. at 15.) The ALJ, therefore, clearly understood the correct legal lens through which to view Plaintiff's subjective complaints of pain.

The ALJ then thoroughly applied the two-step process to the facts. At step one, he acknowledged that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms." (R. at 15.) At the second step, however, he found that her "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with [his stated] residual functional capacity assessment." (R. at 15-16.) In reaching this determination, he considered appropriate factors. Although he found objective medical evidence of an underlying impairment that could cause Plaintiff's back and left shoulder pain, he determined that the objective medical evidence did "not support [her] testimony that she has severe back and shoulder pain that worsen with most activities." (R. at 16.) He then described specific medical findings that were inconsistent with Plaintiff's claims.

Contrary to Plaintiff's assertions, it was entirely proper for the ALJ to consider the objective medical evidence as a factor when evaluating the intensity and persistence of her back and shoulder pain and its effect on her ability to work. He did not rely solely on the absence of objective medical evidence to support her statements of disabling pain. If he had, he would have erred. Instead, he considered the objective medical evidence as one factor among others and found the claimant's statements concerning the intensity and persistence of the pain to be inconsistent with it. Such consideration of objective medical evidence was appropriate under the prevailing legal standard.

As noted, the ALJ relied on more than just objective medical evidence in reaching his determination and also considered other factors. He discussed Plaintiff's "wide variety of daily activities" and found that they conflicted with her statements of pain. (R. at 16-17.) He further

4

noted that "there [were] inconsistencies throughout the record" and discussed a number of specific examples before finding that they "undermine[d] [Plaintiff's] credibility." (R. at 16.) Therefore, the ALJ also considered appropriate factors outside of objective medical evidence when evaluating Plaintiff's subjective complaints of pain.

Plaintiff's second objection maintains that the ALJ's Residual Functional Capacity (RFC) is unsupported by substantial evidence. She argues particularly that no opinion evidence supports the RFC and that it is the product of the ALJ's judgment. Moreover, according to Plaintiff, the ALJ's RFC assessment "is contradicted by the only meaningful opinion evidence in the record, which comes from Dr. Keith [Schentzel], the Plaintiff's treating physician." (Pl.'s Exceptions 1.) She contends that he is a treating physician and therefore that his opinion should "govern in this case." The Court disagrees.

The Court is of the opinion that the ALJ appropriately refrained from giving Dr. Schentzel's opinion controlling weight. It is well-settled that if a treating physician's opinion is inconsistent with other substantial evidence of record, the ALJ may decline to give it controlling weight. *See, e.g.*, *Craig*, 76 F.3d at 590 ("[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight."). In this case, the ALJ determined that Dr. Schentzel's opinion was inconsistent with other evidence of record. He noted that Dr. Schentzel's opinion conflicted with the "limited findings with only some occasional tenderness and decreased range of motion over the lumbar spine and left shoulder." (R. at 17.) Moreover, he determined that Dr. Schentzel's opinion of the limiting effect of Plaintiff's pain during her insured status was "based . . . more on the claimant's subjective allegations rather

than objective findings." (R. at 17.) After finding that Dr. Schentzel's opinion conflicted with substantial record evidence, the ALJ appropriately declined to give it controlling weight.

Finally, contrary to Plaintiff's assertions, the ALJ's RFC determination that Plaintiff could perform medium work was well-supported by substantial evidence. Notably, the ALJ pointed to numerous objective medical findings in reaching his decision. (R. at 17.) Also, Plaintiff's contention that the ALJ's RFC was the product of his own judgment ignores the fact that it is precisely the province of the ALJ to exercise his judgment in weighing conflicting evidence and making credibility determinations. Therefore, because the ALJ abided by the appropriate legal standards when exercising his judgment, Plaintiff's objection that the ALJ's RFC is the product of his judgment is without merit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report to the extent it is consistent with this Order, and incorporates it herein. Therefore, it is the judgment of this Court that the decision of Defendant be **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 16th day of November, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd  
HENRY F. FLOYD  
UNITED STATES DISTRICT JUDGE